IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Carol Wallace, | : | |
| | : | Case No. 1:24-cv-335 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Compelling Arbitration and |
| Bon Secours Mercy Health, Inc., | : | Staying Case |
| | : | |
| Defendant. | : | |

Plaintiff Carol Wallace has sued her former employer, Defendant Bon Secours Mercy Health, Inc. ("Mercy Health"), asserting discrimination and retaliation claims under state and federal law. (Doc. 1.) Pending before the Court are Mercy Health's Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration and Wallace's Motion to Stay Litigation Pending Arbitration. (Docs. 11, 12.) Both motions are uncontested.

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate a controversy arising out of a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original) (citing 9 U.S.C. §§ 3, 4); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) ("[C]ourts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms.") (citations omitted). Before compelling arbitration, the Court "must engage in a limited review to determine whether the dispute is

1

arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec, Inc.*, 315 F.3d 619, 624 (6th Cir. 2003).

Mercy Health has presented unrefuted evidence that Wallace's claims are subject to arbitration. Wallace entered into a Mutual Arbitration and Class/Collective Action Waiver Agreement ("the Agreement") when she accepted a position at Mercy Health. (Doc. 11-1 at PageID 95–98.) The Agreement contained a mandatory arbitration provision:

> 1. Arbitration of Employment Claims.
>
> Employee and Employer agree to submit any dispute arising out of Employee's employment or the termination of Employee's employment, including, but not limited to, (a) any claim of interference, discrimination, retaliation, or harassment based upon any basis, including age, race, color, national origin, religion, sex, or disability arising under any federal, state, or local statute, regulation, ordinance, order, or law, including, without limitation, Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the Fair Labor Standards Act; the Employee Retirement Income Security Act; the Civil Rights Acts of 1866 and 1871 (42 U.S.C. §§ 1981, 1983, 1985, et. seq.); the Civil Rights Act of 1991; the Ohio Revised Code . . . .

(*Id.* at PageID 95.) The Court will enforce the Agreement and compel arbitration.

Section 3 of the FAA requires that, when a dispute is subject to arbitration, a district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding [as opposed to dismiss it]." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). At the request of both parties, the Court will stay this action during the pendency of the arbitration.

2

For these reasons, Mercy Health's Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration (Doc. 11) and Wallace's Motion to Stay Litigation Pending Arbitration (Doc. 12) are **GRANTED**.  The parties are **ORDERED** to submit their dispute to arbitration pursuant to the Agreement.  This case is **STAYED** during the pendency of the arbitration.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge